OPINION OF THE COURT
Per Curiam.
Order dated April 21, 2004 reversed, with $10 costs, motion granted, and third-party action dismissed. The Clerk is directed to enter judgment accordingly.
Plaintiff Frank Gentile, an employee of third-party defendant Service Force, Inc., allegedly tripped on a “cut,” raised floor tile, not of his making, and fell, suffering injury. Defendant Merrill Lynch, the owner of the office building where the accident occurred, hired Service Force to repair, maintain and operate certain mechanical systems at the premises. The contract contained an indemnification provision whereby Service Force would assume liability for any claims or losses “in any manner arising out of the acts or omissions of [itself], its parent, subsidiaries, affiliates, or their officers, agents, directors, employees, or subcontractors.” Service Force contends that plaintiffs injury did not result from its own “acts or omissions” or those of the plaintiff; rather, the party responsible for the hazardous condition was one of the defendants herein—either electrical contractor Lowy & Donnath or Merrill Lynch itself. Defendant Merrill Lynch counters that simply the injured plaintiffs appearance on the scene, during a routine inspection of machinery in the course of his employment, was enough of an “act” to trigger the contractual indemnification clause.
Contrary to defendant’s contention, routine performance of plaintiffs duties on the job, or his mere presence on the site, cannot be considered an “act” sufficient to invoke indemnification under the governing contractual terms. Strictly construed, as it must be (see Tonking v Port Auth. of N.Y. & N.J., 3 NY3d 486, 490 [2004]; Dunham v Weissman, 281 AD2d 220, 222 [2001], lv denied in part and dismissed in part 96 NY2d 851 *113 [2001]), the contract’s indemnity clause does not clearly create an indemnification obligation in a situation where, as here, the injury complained of was not shown to have been caused by any culpable conduct—either malfeasance or nonfeasance—on the part of Service Force (see Lopez v Consolidated Edison Co. of N.Y., 40 NY2d 605 [1976]; Darien Lake Theme Park & Camping Resort, Inc. v Contour Erection & Siding Sys., Inc., 16 AD3d 1055 [2005]). Had the parties intended Service Force to indemnify defendant Merrill Lynch for all claims arising from any work-related activity irrespective of negligence, they had only to say so unambiguously, as was done in such cases as Brown v Two Exch. Plaza Partners (76 NY2d 172 [1990]) and Torres v Morse Diesel Intl., Inc. (14 AD3d 401 [2005]), where the indemnity provisions were expressly made applicable to claims arising out of the indemnitor’s “performance of the [contract] Work.” Such an intention is not “unmistakably clear from the language of the promise” made here (Hooper Assoc. v AGS Computers, 74 NY2d 487, 492 [1989]), and it is not for the court “to rewrite the contract and supply a specific obligation the parties themselves did not spell out.” (Tonking v Port Auth. of N.Y. & N.J., 3 NY3d at 490.)
In the absence of any claim or proof that Service Force or its employees actively contributed, through a negligent or wrongful “act[ ] or omission[ ],” to the cause of the injury giving rise to the litigation, summary judgment dismissal of the contractual indemnification claim was warranted (cf. Murphy v Columbia Univ., 4 AD3d 200, 203 [2004]).
Suarez, EJ., Davis and Schoenfeld, JJ., concur.