■ ROBERT BEAMON, Appellant-Respondent, v AGAR TRUCK SALES, INC., et al., Respondents-Appellants. [808 NYS2d 232]—

In a consolidated action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered May 5, 2004, as denied that branch of his motion which was for summary judgment on the issue of liability on the cause of action pursuant to Labor Law § 240 (1) insofar as asserted against the defendants Agar Truck Sales, Michael Abruzese, and 2301 Jerome Avenue Realty Corp., and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Agar Truck Sales, Inc., Michael Abruzese, and 2301 Jerome Avenue Realty Corp.

Ordered that the cross appeal by the defendant Thomas Abruzese is dismissed as that defendant is not aggrieved by the portion of the order cross-appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion which was for summary judgment on the issue of liability on the cause of action pursuant to Labor Law § 240 (1) insofar as asserted against the defendants Agar Truck Sales, Inc., and 2301 Jerome Avenue Realty Corp., and substituting therefor a provision granting that branch of the motion, (2) deleting the provision thereof denying that branch of the cross motion which was for summary judgment dismissing the cause of action to recover damages based upon common-law negligence insofar as asserted against the defendants Agar Truck Sales, Inc., and 2301 Jerome Avenue Realty Corp. and substituting therefor a provision granting that branch of the cross motion, and (3) deleting the provision thereof denying that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Michael Abruzese and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff, an electrician, fell from an unsecured ladder which slipped out from under him while he was working. A "Baker's scaffold" was available for his use. The plaintiff commenced an action against the future lessee of the building, Agar Truck Sales, Inc. (hereinafter Agar), and Michael Abruzese and Thomas Abruzese, the individual shareholders of Agar, to recover damages pursuant to Labor Law § 240 (1) and common-law negligence only. A second action was commenced, for the same relief, against Jerome Avenue Realty Corp. (hereinafter Jerome), the owner of the building where the accident occurred. The actions were consolidated. Thereafter, the plaintiff moved for summary judgment on the issue of liability with regard to his cause of action pursuant to Labor Law § 240 (1). The defendants cross-moved for summary judgment dismissing the complaint. On consent of the plaintiff, the Supreme Court granted that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against Thomas Abruzese, and otherwise denied the motion and the cross motion. We modify.

The plaintiff made a prima facie showing of entitlement to summary judgment on the issue of liability on his cause of action pursuant to Labor Law § 240 (1) insofar as asserted against Agar and Jerome by establishing that he fell from an unsecured ladder while engaged in a work-related activity at the elevated work site (*see Palacios v Lake Carmel Fire Dept., Inc.*, 15 AD3d 461, 462 [2005]). In opposition, those defendants failed to raise a triable issue of fact as to whether the plaintiff's conduct was the sole proximate cause of his injury under the holding of *Blake v Neighborhood Hous. Servs. of N.Y. City* (1 NY3d 280 [2003]). While those defendants established that a Baker's scaffold was provided to the plaintiff, there was no evidence that the plaintiff had been instructed to utilize the Baker's scaffold or to avoid using the ladder (*see Walls v Turner Constr. Co.*, 10 AD3d 261, 262 [2004], *affd* 4 NY3d 861 [2005]; *cf. Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 37 [2004]; *Palacios v Lake Carmel Fire Dept., Inc., supra* at 463). Thus, the Supreme Court should have granted that branch of the plaintiff's motion.

The Supreme Court should have granted that branch of the defendants' cross motion which was to dismiss the cause of action to recover damages based on common-law negligence insofar as asserted against Agar and Jerome. Those defendants made a prima facie showing of entitlement to judgment as a matter of law by showing that they did not exercise any supervisory control over the plaintiff nor had notice of the unsafe condition (*see Comes v New York State Elec. & Gas Corp.*,

82 NY2d 876, 877 [1993]; *Mitchell v New York Univ.*, 12 AD3d 200, 200-201 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact.

Moreover, the Supreme Court erred in denying that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Michael Abruzese (*see Maggio v Becca Constr. Co.*, 229 AD2d 426, 427 [1996]).

To the extent that the parties raise claims relating to Labor Law §§ 200 and 241 (6), we note that no such claims are asserted in the complaint. Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.