■ RAPHAEL MARIN, Appellant, v LEVIN PROPERTIES, LP, et al., Respondents. [812 NYS2d 645]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated September 30, 2004, which denied his motion for summary judgment on the issue of liability on his cause of action pursuant to Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.

The plaintiff, a roofer, sustained injuries when he fell while attempting to climb a wall to access the roof that he was hired to repair. After his foreman successfully climbed the wall of the building using the decorative bricks protruding therefrom to access the roof, the plaintiff attempted to do the same, but lost his balance near the top and fell. It is undisputed that there was a ladder strapped to a truck located at the work site, but the ladder was not set up or in use at the time of the accident.

To recover under Labor Law § 240 (1), a plaintiff must demonstrate that there was a violation of the statute and that the violation was a proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 287 [2003]; *Gardner v New York City Tr. Auth.,* 282 AD2d 430 [2001]), but a defendant cannot be liable if the plaintiff's actions were the sole proximate cause of the accident (*see Weininger v Hagedorn & Co.,* 91 NY2d 958, 960 [1998]; *Morin v Machnick Bldrs.,* 4 AD3d 668, 669 [2004]). Nevertheless, "it is not enough to defeat liability to show 'the mere presence of alleged safety devices somewhere on the job site . . . , nor the mere fact that generalized safety instructions were given at some point in the past' " (*Palacios v Lake Carmel Fire Dept., Inc.,* 15 AD3d 461, 463

[2005], quoting *Davis v Board of Trustees of Hicksville Pub. Lib. of Hicksville Union Free School Dist.*, 240 AD2d 461, 463 [1997]; *see Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524 [1985]).

The Supreme Court properly denied the plaintiff's motion for summary judgment. Although the plaintiff satisfied his prima facie burden by demonstrating that the defendants failed to provide and properly place adequate safety devices, the defendants raised triable issues of fact regarding whether the nearby ladder constituted an adequate safety device, and whether the plaintiff's conduct in climbing up the wall, rather than using the ladder, was the sole proximate cause of his accident (*see Orellana v American Airlines,* 300 AD2d 638, 639 [2002]; *Ramos v Port Auth. of N.Y. & N.J.,* 306 AD2d 147, 148 [2003]; *but see Urias v Orange County Agric. Socy.,* 7 AD3d 515, 517 [2004]). Prudenti, P.J., Krausman, Mastro and Fisher, JJ., concur.