■ MICHAEL FLORIO et al., Appellants-Respondents, v LLP REALTY CORP. et al., Respondents-Appellants. [833 NYS2d 148]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 14, 2005, as denied their motion for summary judgment on the issue of liability under Labor Law § 240 (1), and the defendants cross-appeal from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the cause of action based on Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Labor Law § 240 (1) imposes liability upon owners and contractors who fail to provide or erect safety devices necessary to give proper protection to workers exposed to elevation-related hazards (*see Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490-491 [1995]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501 [1993]; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991]; *Valensisi v Greens at Half Hollow, LLC*, 33 AD3d 693, 695 [2006]).

To prevail on a cause of action under Labor Law § 240 (1), a plaintiff must demonstrate that he was injured during "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]; *Joblon v Solow*, 91 NY2d 457, 464 [1998]; *Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576-577 [1990]; *Spaulding v S.H.S. Bay Ridge*, 305 AD2d 400, 401 [2003]). Once Labor Law § 240 (1) is shown to be applicable, in order to establish prima facie entitlement to judgment as a matter of law, a plaintiff must demonstrate that an owner, contractor, or their agent breached a duty under the statute, and that the breach proximately caused the plaintiff's injury (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 559 [1993]; *Woszczyna v BJW Assoc.*, 31 AD3d 754, 755 [2006]; *Lightfoot v State of New York*, 245 AD2d 488, 489 [1997]). A defendant cannot be held liable if the plaintiff's actions were the sole proximate cause of the accident (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40 [2004]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]; *Marin v Levin Props., LP*, 28 AD3d 525 [2006]; *Morin v Machnick Bldrs.*, 4 AD3d 668, 669 [2004]).

Here, the parties failed to establish, prima facie, whether the injured plaintiff had access to properly placed and adequate safety devices (*see Marin v Levin Props., supra* at 526; *Palacios v Lake Carmel Fire Dept., Inc.*, 15 AD3d 461, 462-463 [2005]; *cf. Orellana v American Airlines*, 300 AD2d 638 [2002]). Moreover, the Supreme Court properly found that a triable issue of fact exists as to whether the injured plaintiff's conduct in using a forklift to access the air conditioning unit was the sole proximate cause of his accident (*see Marin v Levin Props., supra; Cahill v Triborough Bridge & Tunnel Auth., supra* at 40; *cf. Robinson v East Med. Ctr., LP*, 6 NY3d 550 [2006]). Accordingly, the plaintiffs' motion, and that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action based on Labor Law § 240 (1), were properly denied.

The defendants' contention regarding the plaintiffs' Labor

Law § 241 (6) claim is not properly before this Court, and their remaining contentions are without merit. Rivera, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.