■ Sezgin Camlica et al., Appellants, v Gunnart T. Hansson et al., Defendants, and Garden City Aluminum, Inc., Respondent. (And a Third-Party Action.) [837 NYS2d 179]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Nassau County (Jonas, J.),

entered December 3, 2004, as granted those branches of the motion of the defendant Garden City Aluminum, Inc., which were for summary judgment dismissing the causes of action based upon violations of Labor Law §§ 200 and 240 (1), and common-law negligence insofar as asserted against that defendant, and (2) a judgment of the same court entered January 13, 2005, as, upon the order, dismissed those causes of action insofar as asserted against the defendant Garden City Aluminum, Inc. The notice of appeal from the order is deemed to also be a notice of appeal from the judgment (*see* CPLR 5501 [c]). Presiding Justice Prudenti has been substituted for former Justice Luciano (*see* 22 NYCRR 670.1 [c]).

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further;

Ordered that the judgment is modified, on the law, by deleting the provisions thereof dismissing the causes of action based upon violation of Labor Law § 200 and common-law negligence insofar as asserted against the defendant Garden City Aluminum, Inc.; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, those branches of the motion of the defendant Garden City Aluminum, Inc., which were for summary judgment dismissing the causes of action based on violation of Labor Law § 200 and common-law negligence insofar as asserted against it are denied, those causes of action are reinstated against the defendant Garden City Aluminum, Inc., and severed, and the order entered December 3, 2004 is modified accordingly.

The appeal from the intermediate order entered December 3, 2004 must be dismissed because the right of direct appeal therefrom terminated with entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment entered January 13, 2005 (*see* CPLR 5501 [a] [1]).

In order to recover on a claim pursuant to Labor Law § 240 (1), a plaintiff must demonstrate that there was a violation of the statute, and that the violation was a proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 287 [2003]; *Marin v Levin Props., LP,* 28 AD3d 525 [2006]). A plaintiff cannot recover under Labor Law § 240 (1) if his or her actions were the sole proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City, supra; Marin v Levin, Props., LP, supra*). Here, the defendant general contractor Garden City Aluminum, Inc. (hereinafter Garden City), made a prima facie showing that the injured plaintiff's ac-

cident was not proximately caused by a violation of Labor Law § 240 (1), and the evidence the plaintiffs submitted in opposition failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of Garden City's motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it (see Blake v Neighborhood Hous. Servs. of N.Y. City , supra at 289-290 n 8; Negron v City of New York, 22 AD3d 546, 547 [2005]; Plass v Solotoff, 5 AD3d 365 [2004]; Ross v Threepees Realty Corp., 258 AD2d 575 [1999]).

However, the Supreme Court should not have granted those branches of Garden City's motion which were for summary judgment dismissing the plaintiffs' Labor Law § 200 and common-law negligence causes of action. The plaintiffs' evidentiary submissions raise issues of fact as to whether Garden City had control over the work site where the injury occurred and prior notice of the alleged dangerous condition on the premises (see Keating v Nanuet Bd. of Educ., 40 AD3d 706 [2007]; Kerins v Vassar Coll., 15 AD3d 623 [2005]; Blysma v County of Saratoga, 296 AD2d 637 [2002]). Prudenti, P.J., Crane, Rivera and Krausman, JJ., concur.