■ MICHAEL J. SANTO, JR., Appellant, v MARTIN SCRO et al., Defendants, and MDS ENTERPRISES, INC., Respondent. [841 NYS2d 627]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), entered May 8, 2006, as granted those branches of the motion of the defendants Martin Scro, Joni Scro, and MDS Enterprises, Inc., which were for summary judgment dismissing the causes of action based on Labor Law § 240 (1) and § 241 (6) insofar as asserted against the defendant MDS Enterprises, Inc.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Martin Scro, Joni Scro, and MDS Enterprises, Inc., which was for summary judgment dismissing the cause of action based on Labor Law § 240 (1) insofar as asserted against the defendant MDS Enterprises, Inc., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff allegedly was injured while working as an apprentice electrician when he fell from a scaffold he was using to install lighting fixtures in the 25-foot ceiling of a house under construction. According to the plaintiff's deposition testimony, the accident occurred when his foot got caught on a bowed plank and he fell over the side of the scaffold. He also testified that he did not use an extension ladder provided by his employer because it was too flimsy when fully extended and could not be safely used when nobody was available to secure the bottom of the ladder. The defendant Martin Scro, who was the principal of the defendant general contractor, MDS Enterprises, Inc. (hereinafter MDS), testified that he denied the plaintiff's employer permission to use the scaffold because it was not his but belonged to the masonry subcontractor working on the fireplace. After discovery, the defendants Martin Scro, Joni Scro, and MDS moved for summary judgment dismissing, inter alia, the Labor Law § 240 (1) and § 241 (6) causes of action insofar as asserted against MDS, and the Supreme Court granted the motion.

The Supreme Court erred in determining that MDS established its entitlement to summary judgment dismissing the Labor Law § 240 (1) cause of action. MDS, as a party moving for summary judgment, bore the prima facie burden of demonstrating by proof in admissible form that the plaintiff's accident was not proximately caused by a violation of Labor Law § 240 (1) (*see Camlica v Hansson,* 40 AD3d 796 [2007]), or that the plaintiff's own negligent conduct in failing to use an available and adequate safety device was the sole proximate cause of the accident (*see Robinson v East Med. Ctr., LP,* 6 NY3d 550, 552 [2006]; *Montgomery v Federal Express Corp.,* 4 NY3d 805 [2005]; *Bonilla v State of New York,* 40 AD3d 673 [2007]; *Yedynak v Citnalta Constr. Corp.,* 22 AD3d 840, 841 [2005]; *Negron v City of New York,* 22 AD3d 546 [2005]; *see generally Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 291 [2003]). The evidence submitted by MDS, including the plaintiff's deposition testimony, failed to establish that either the extension ladder brought by the plaintiff's employer, or the scaffold from which the plaintiff fell, was an adequate safety device (*see Bonilla v State of New York, supra; Florio v LLP Realty Corp.,* 38 AD3d 829 [2007]; *Marin v Levin Props., LP,* 28 AD3d 525, 526 [2006]; *Palacios v Lake Carmel Fire Dept., Inc.,* 15 AD3d 461, 463 [2005]; *Alava v City of New York,* 246 AD2d 614 [1998]). Further, contrary to the contention of MDS, the evidence does not establish a recalcitrant worker defense, which requires proof that a plaintiff disobeyed an "immediate specific instructions to use an actually available safety device [provided

by the employer] or to avoid using a particular unsafe device" (*Walls v Turner Constr. Co.*, 10 AD3d 261, 262 [2004], *affd* 4 NY3d 861 [2005]; *see Jastrzebski v North Shore School Dist.*, 223 AD2d 677 [1996], *affd* 88 NY2d 946 [1996]; *Beamon v Agar Truck Sales, Inc.*, 24 AD3d 481, 483-484 [2005]; *Palacios v Lake Carmel Fire Dept., Inc., supra*; *Andino v BFC Partners,* 303 AD2d 338, 340 [2003]). Thus, the Supreme Court erred in granting the branch of the motion which was to dismiss the cause of action based on Labor Law § 240 (1).

On the other hand, after MDS established its entitlement to judgment as a matter of law dismissing the Labor Law § 241 (6) cause of action, the plaintiff, who did not allege violation of any applicable Industrial Code rule, failed to raise a triable issue of fact (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]). The provision of the Industrial Code relied on by the plaintiff, which requires work areas to be kept free of tripping hazards, such as accumulated dirt, debris, or sharp projections (*see* 12 NYCRR 23-1.7 [e] [2]), does not apply since the allegedly uneven plank of the scaffold platform was part of the floor of the work site itself (*see Parker v Ariel Assoc. Corp.*, 19 AD3d 670, 672 [2005]; *Kulis v Xerox Corp.*, 231 AD2d 922 [1996]). Miller, J.P., Mastro, Lifson and Carni, JJ., concur.