■ Archangelo D'Angelo et al., Respondents, v Builders Group, Defendant and Third-Party Plaintiff-Appellant-Respondent, New York City District Council of Carpenters

Pension Fund et al., Respondents, et al., Defendants. Caruso Painting and Decorating Corp., Third-Party Defendant-Respondent-Appellant. [845 NYS2d 814]—

In an action to recover damages for personal injuries, etc., (1) the defendant third-party plaintiff Builders Group, appeals (a) as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 15, 2006, as denied its cross motion for summary judgment on its cause of action for contractual indemnification insofar as asserted against the third-party defendant Caruso Painting and Decorating Corp. and, in effect, for summary judgment dismissing the complaint insofar as asserted against it and (b) from an order of the same court dated September 15, 2006, and (2) the third-party defendant Caruso Painting and Decorating Corp. cross-appeals, (a) as limited by its brief, from so much of the order dated February 15, 2006, as denied its cross motion for summary judgment dismissing, inter alia, the complaint and the third-party complaint and (b) from the order dated September 15, 2006.

Ordered that the appeal by the defendant third-party plaintiff, Builders Group, from so much of the order dated, September 15, 2006, as denied that branch of its motion which was for leave to renew and the cross appeal from the order dated September 15, 2006, are dismissed as abandoned; and it is further,

Ordered that the appeal by the defendant third-party plaintiff Builders Group from so much of the order dated September 15, 2006, as denied that branch of its cross motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (*see Munz v La Guardia Hosp.*, 109 AD2d 731 [1985]); and it is further,

Ordered that the order dated February 15, 2006 is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff Archangelo D'Angelo (hereinafter D'Angelo) was injured when he fell from a ladder while plastering a column at a construction site where the defendant third-party plaintiff

Builders Group (hereinafter Builders) was the construction manager, and the plaintiff's employer, the third-party defendant Caruso Painting and Decorating Corp. (hereinafter Caruso) was the painting and plastering subcontractor. D'Angelo and his wife (hereinafter the plaintiffs) commenced this action against Builders, among others, to recover damages for personal injuries arising from, inter alia, a violation of Labor Law § 240 (1). Builders subsequently commenced a third-party action against Caruso for, among other things, contractual indemnification.

The plaintiffs cross-moved, inter alia, for summary judgment on their Labor Law § 240 (1) cause of action. Caruso cross-moved for summary judgment dismissing, among other things, the complaint and the third-party complaint. Builders cross-moved for summary judgment on its third-party cause of action against Caruso for contractual indemnification, and joined in that branch of Caruso's cross motion which was for summary judgment dismissing the complaint.

With respect to the Labor Law § 240 (1) cause of action, Builders and Caruso failed to establish their prima facie entitlement to judgment as a matter of law by showing that D'Angelo had access to properly-placed and adequate safety devices (*cf. Marin v Levin Props., LP*, 28 AD3d 525, 526 [2006]; *Palacios v Lake Carmel Fire Dept., Inc.*, 15 AD3d 461, 462-463 [2005]). Moreover, the Supreme Court properly found that a triable issue of fact exists as to whether D'Angelo's conduct was the sole proximate cause of his accident (*see Marin v Levin Props., LP*, 28 AD3d at 526; *cf. Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554-555 [2006]). The plaintiffs' request that we search the record and award them summary judgment on the issue of liability on their Labor Law § 240 (1) cause of action is denied; their cross motion seeking that relief, and that branch of Caruso's cross motion which was for summary judgment dismissing the cause of action based on Labor Law § 240 (1), in which Builders joined, were properly denied (*see Florio v LLP Realty Corp.*, 38 AD3d 829, 830 [2007]).

The Supreme Court also properly denied that branch of Builders' cross motion which was for summary judgment on its third-party cause of action seeking contractual indemnification against Caruso and that branch of Caruso's cross motion which was for summary judgment dismissing the third-party complaint. " '[T]he right to contractual indemnification depends upon the specific language of the contract' " (*Kader v City of N.Y., Hous. Preserv. & Dev.*, 16 AD3d 461, 463 [2005], quoting *Gillmore v Duke/Fluor Daniel*, 221 AD2d 938, 939 [1995]). The indemnification provision at issue here requires Caruso to

indemnify Builders for "all claims, damages, losses and expenses . . . arising out of or resulting from the performance of the Work . . . provided such claim, damage, loss or expense is caused in whole or in part by any act or omission of this Subcontractor." Since it has not been determined whether D'Angelo's injury was caused by any act or omission by Caruso, an award of summary judgment here would be premature (see *Gentile v Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 9 Misc 3d 111 [2005]; cf. *Brown v Two Exch. Plaza Partners*, 76 NY2d 172 [1990]). Crane, J.P., Florio, Angiolillo and Carni, JJ., concur.