■ HARMINDER SINGH et al., Appellants, v CITY OF NEW YORK et al., Respondents. (And Another Title.) [892 NYS2d 148]—

The plaintiff Harminder Singh (hereinafter the injured plaintiff) allegedly was injured when he was cutting down a 16-foot-high fence while standing on the 10-foot rung of an extension ladder at a construction site within a New York City playground. The accident occurred on a Sunday. The plaintiffs commenced this action, alleging, inter alia, violations of Labor Law §§ 240 and 241, and moved for summary judgment on the issue of liability. The Supreme Court, among other things, denied the plaintiffs' motion.

In order to prevail on a Labor Law § 240 (1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries (see *Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280 [2003]; *Camlica v Hansson,* 40 AD3d 796 [2007]). To recover under Labor Law § 241 (6), a plaintiff must establish the violation, in connection with construction, demolition, or excavation, of an Industrial Code provision which sets forth specific, applicable safety standards (see *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 503-505 [1993]; *Weingarten v Windsor Owners Corp.,* 5 AD3d 674, 677 [2004]). To receive the protections of Labor Law §§ 240 and 241, an employee must show that "he [or she] was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent" (*Whelen v Warwick Val. Civic & Social Club,* 47 NY2d 970, 971 [1979]; see *Haque v Crown Hgts. NRP Assoc., LP,* 33 AD3d 864 [2006]; *Morra v White,* 276 AD2d 536, 537 [2000]).

The Supreme Court incorrectly denied those branches of the plaintiffs' motion which were for summary judgment on their causes of action pursuant to Labor Law § 240 (1) and § 241 (6). The plaintiffs satisfied their prima facie burden by demonstrating that the injured plaintiff was not provided with proper protection under Labor Law § 240 (1), that the failure to provide such protection also violated the Industrial Code, and that this failure was the proximate cause of the alleged injuries in question. In opposition, the defendants failed to raise a triable issue of fact regarding whether the injured plaintiff was hired to work on the construction site and was given permission to work on the date in question (see *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). Dillon, J.P., Santucci, Florio and Hall, JJ., concur.