■ JOSEPH V. WELSCH, Respondent-Appellant, v MAIMONIDES MEDICAL CENTER et al., Appellants-Respondents. [915 NYS2d 163]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated January 26, 2010, as denied that branch of their motion which was for summary judgment dismissing the cause of action alleging violations of Labor Law § 240 (1), and the plaintiff cross-appeals from so much of the same order as denied his cross motion for summary judgment on the cause of action alleging violations of Labor Law § 240 (1).

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff allegedly was injured while working in a corridor at the defendant Maimonides Medical Center (hereinafter

MMC) during a construction project on which the defendant Barr & Barr, Inc. (hereinafter BBI), was the construction manager and/or general contractor.

The plaintiff commenced the instant action against MMC and BBI. He asserted causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). MMC and BBI moved for summary judgment dismissing the complaint. The plaintiff opposed and cross-moved for summary judgment on the issue of liability on the cause of action alleging violations of Labor Law § 240 (1). In a separate order not appealed from, the Supreme Court granted those branches of the motion of MMC and BBI which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241 (6). That same order stated that the "[r]emainder of relief under [Labor Law] § 240 (1) is submitted for decision." In an order dated January 26, 2010, the Supreme Court denied that branch of the motion of MMC and BBI which was for summary judgment dismissing the cause of action alleging violations of Labor Law § 240 (1), and denied the cross motion of the plaintiff for summary judgment on the cause of action alleging violations of Labor Law § 240 (1). MMC and BBI appeal and the plaintiff cross-appeals from that order. We affirm.

"Generally, the issue of whether a particular safety device provided proper protection is a question of fact for the jury" (*Delahaye v Saint Anns School*, 40 AD3d 679, 682-683 [2007]; *see Alava v City of New York*, 246 AD2d 614, 615 [1998]). Here, neither party made a prima facie showing as to whether the plaintiff had access to properly placed and adequate safety devices (*see D'Angelo v Builders Group*, 45 AD3d 522, 524 [2007]; *Florio v LLP Realty Corp.*, 38 AD3d 829, 830 [2007]). Moreover, a triable issue of fact exists as to whether the plaintiff's conduct was the sole proximate cause of the accident (*see D'Angelo v Builders Group*, 45 AD3d at 524; *Florio v LLP Realty Corp.*, 38 AD3d at 830; *Marin v Levin Props., LP*, 28 AD3d 525, 526 [2006]).

The remaining contention of MMC and BBI is without merit.

Accordingly, that branch of the motion of MMC and BBI which was for summary judgment dismissing the cause of action alleging violations of Labor Law § 240 (1), and the cross motion of the plaintiff for summary judgment on the cause of action alleging violations of Labor Law § 240 (1) were properly denied. Mastro, J.P., Chambers, Roman and Cohen, JJ., concur.