■ ALBERT LAZRI, Appellant, v KINGSTON CITY CONSOLIDATED SCHOOL DISTRICT, Respondent. [945 NYS2d 487]—

Kavanagh, J. Appeal from an order of the Supreme Court (Zwack, J.), entered November 21, 2011 in Ulster County, which, among other things, held plaintiff's motion for partial summary judgment in abeyance pending further discovery.

Plaintiff was employed by Marfi Construction Corporation, which was hired to perform work on the roof of a school building owned by defendant in the Town of Hurley, Ulster County. On Sunday, November 1, 2009, plaintiff was installing a drip edge on the roof of the building when he fell to the ground and was injured. As a result, plaintiff commenced two actions, one in Ulster County against defendant and another in Kings County against BBL Construction Services, LLC, the construction manager on the project, alleging that defendant and BBL were negligent and violated provisions of the Labor Law in connection with this accident.

Plaintiff subsequently moved for summary judgment, claiming that defendant was, as a matter of law, legally responsible for the injuries he sustained in the fall from the roof. In support of his motion, plaintiff submitted his own affidavit and that of a coworker, detailing the circumstances surrounding the accident and indicating that safety devices had not been provided when they worked on the roof at the job site. In response, defendant argued that plaintiff's motion should be denied because a question of fact existed as to whether the job site was closed at the time of the accident. In the alternative, defendant argued that prior to plaintiff making this motion, the parties did not engage in any discovery, and this motion for summary judgment was, at best, premature. In support of their position, defendant submitted an affidavit from Robin Scrodanus, the project manager for BBL, claiming that under BBL's contract with defendant, BBL was responsible for scheduling work that was to be performed on the project and Marfi's employees were to work on Monday through Friday, when a BBL representative was present on the job site. She further affirmed that Marfi needed prior authorization from BBL to work on weekends and, on the date of plaintiff's accident, which was a Sunday, no authorization for access to the job site had been sought by Marfi or given and no representative of defendant or BBL was present. Supreme Court found that since discovery had not been conducted, plaintiff's motion for summary judgment was premature and held it in abeyance. Plaintiff now appeals.

"To receive the benefits of Labor Law §§ 240 and 241, a worker must show that 'he [or she] was both permitted or suffered to work on a building or structure and that he [or she] was hired by someone, be it owner, contractor or their agent' " (*Haque v Crown Hgts. NRP Assoc., LP*, 33 AD3d 864 [2006], quoting *Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]; *see Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 51 [2004]; *Singh v City of New York*, 68 AD3d 1095,

1096 [2009]). Here, plaintiff stated that on the date of his accident, he had been asked by his employer to work on the site with at least one other Marfi employee. He stated, and his coworker confirmed, that despite repeated requests, they had not been provided any safety devices while on the job site and were told that none were available.

In opposition to plaintiff's motion, defendant offered the Scrodanus affidavit, which detailed the provisions in the parties' contract that designated BBL as responsible for preparing the project's work schedule. She stated that "Marfi . . . and its employees were only supposed to be working at the site Monday through Friday when the owner's agent, BBL, was present and when the Field Superintendent for BBL was present as well." According to Scrodanus, Marfi was not permitted to work on the project during the weekends when the work site was closed without giving 24 hours notice to defendant or BBL, and obtaining their approval. She further stated that Marfi had not notified BBL or defendant that they intended to work the Sunday that plaintiff's accident occurred and had not obtained the requisite approval pursuant to the parties' contract. Scrodanus reiterated that no representative of defendant or BBL was present at the site when plaintiff fell from the roof and the job site, pursuant to the terms of the contract, was "closed." This affidavit and the relevant provisions of the parties' contract create a question of fact as to whether the job site was closed at the time of plaintiff's accident. As a result, plaintiff's motion for summary judgment should not have been held in abeyance, it should have been denied (see Haque v Crown Hgts. NRP Assoc., LP, 33 AD3d at 864; compare Singh v City of New York, 68 AD3d 1095 at 1096 [2009]).

Lahtinen, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as held plaintiff's motion for partial summary judgment in abeyance; said motion denied; and, as so modified, affirmed.