■ ABDUL WAHAB, Appellant-Respondent, v AGRIS & BRENNER, LLC, et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. ATLANTIC CONTRACTING, LLC, Third-Party Defendant-Respondent. (Appeal No. 1.) ABDUL WAHAB, Plaintiff, v AGRIS & BRENNER, LLC, et al., Defendants and Third-Party Plaintiffs-Appellants. ATLANTIC CONTRACTING, LLC, Third-Party Defendant-Respondent. (Appeal No. 2.) [958 NYS2d 401]—

In an action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), dated April 4, 2011, as denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and the defendants and third-party plaintiffs cross-appeal from so much of the same order as denied those branches of their cross motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) and, in effect, for conditional summary judgment on their third-party cause of action for common-law indemnification, and (2) the defendants and third-party plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the same court dated December 6,

2011, as, upon reargument, adhered to the original determination in the order dated April 4, 2011, denying that branch of their cross motion which was, in effect, for conditional summary judgment on their third-party cause of action for common-law indemnification. The appeal brings up for review so much of the order dated December 6, 2011, as, upon reargument, adhered to the original determination in the order dated April 4, 2011, denying the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) (*see* CPLR 5517 [b]).

Ordered that the appeal from so much of the order dated April 4, 2011, as denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) and the cross appeal from so much of the same order as denied that branch of the defendants and third-party plaintiffs' cross motion which was, in effect, for conditional summary judgment on their third-party cause of action for common-law indemnification are dismissed, as those portions of the order were superseded by the order dated December 6, 2011, made upon reargument; and it is further,

Ordered that the order dated April 4, 2011, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated December 6, 2011, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the original determination in the order dated April 4, 2011, denying that branch of the defendants and third-party plaintiffs' cross motion which was, in effect, for conditional summary judgment on their third-party cause of action for common-law indemnification, and substituting therefor a provision, upon reargument, vacating that determination and, thereupon, granting that branch of the cross motion; as so modified, the order dated December 6, 2011, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants and third-party plaintiffs, payable by the third-party defendant.

The plaintiff allegedly sustained personal injuries while working on a construction site owned by the defendants and third-party plaintiffs (hereinafter collectively the owners) when a metal plank on a scaffold on which he was standing collapsed. The plaintiff subsequently commenced this action to recover damages for personal injuries, and the owners commenced a third-party action against Atlantic Contracting, LLC (hereinafter Atlantic), the plaintiff's employer, seeking, inter alia, common-law indemnification.

The Supreme Court properly denied the plaintiff's motion for

summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). "Generally, to establish a prima facie violation of Labor Law § 240 (1) a claimant must establish that the statute was violated and that this violation was a proximate cause of his or her injuries" (*Herrnsdorf v Bernard Janowitz Constr. Corp.*, 67 AD3d 640, 642 [2009] [internal quotation marks omitted]; *see Florio v LLP Realty Corp.*, 38 AD3d 829, 830 [2007]; *Orellana v American Airlines*, 300 AD2d 638, 639 [2002]). Here, evidence submitted by the plaintiff raised a question of fact as to whether the plaintiff, who possessed a scaffolding license issued by the New York City Department of Buildings, knew before climbing up the scaffold that other workers had begun untying the ropes which secured the planks of the scaffold, yet failed to check whether the planks of the scaffold were secured before climbing up and putting his weight on them. Under these circumstances, the plaintiff failed to demonstrate, prima facie, that his failure was not the sole proximate cause of his injuries (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]; *Montgomery v Federal Express Corp.*, 4 NY3d 805, 806 [2005]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 286-292 [2003]).

Due to the existence of this question of fact, the Supreme Court also properly denied that branch of the owners' cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1). While the owners also submitted evidence that the plaintiff's injuries could have been prevented if he had been wearing an available safety harness, the owners failed to make a prima facie showing that the plaintiff's alleged negligence in failing to wear the harness was the sole proximate cause of the accident (*see Stolt v General Foods Corp.*, 81 NY2d 918, 920 [1993]; *Moniuszko v Chatham Green, Inc.*, 24 AD3d 638, 639 [2005]; *Smith v Yonkers Contr. Co.*, 238 AD2d 501 [1997]).

However, the Supreme Court should have granted that branch of the owners' cross motion which was, in effect, for conditional summary judgment on their third-party cause of action for common-law indemnification. "In order to establish a claim for common-law indemnification, a party must prove not only that [it was] not negligent, but also that the proposed indemnitor . . . was responsible for negligence that contributed to the accident or, in the absence of any negligence, had the authority to direct, supervise, and control the work giving rise to the injury" (*Hart v Commack Hotel, LLC*, 85 AD3d 1117, 1118-1119 [2011] [internal quotation marks omitted]). Here, the owners made a

prima facie showing that any liability to the plaintiff on their part would be purely statutory and vicarious to Atlantic's direct liability (*see Jamindar v Uniondale Union Free School Dist.*, 90 AD3d 612, 615 [2011]; *Hart v Commack Hotel, LLC*, 85 AD3d at 1119; *Werner v East Meadow Union Free School Dist.*, 245 AD2d 367, 368 [1997]). In opposition, Atlantic failed to raise a triable issue of fact. Atlantic's argument that the third-party action is barred by Workers' Compensation Law § 11 is not properly before this Court, as Atlantic failed to appeal from the portion of the order dated April 4, 2011, that granted that branch of the owners' cross motion which was to strike Atlantic's affirmative defense based on Workers' Compensation Law § 11 on the ground that Atlantic failed to procure workers' compensation coverage for the plaintiff (*see Boles v Dormer Giant, Inc.*, 4 NY3d 235, 237 [2005]). Angiolillo, J.P., Balkin, Lott and Roman, JJ., concur. **[Prior Case History: 2011 NY Slip Op 31136(U).]**