■ RICHARD PROBST et al., Appellants-Respondents, v 11 WEST 42 REALTY INVESTORS, LLC, et al., Respondents-Appellants. (And a Third-Party Action.) [965 NYS2d 513]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated February 29, 2012, as denied their motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 202.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

"Labor Law § 240 (1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (*McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 374 [2011]; *see Corchado v 5030 Broadway Props., LLC*, 103 AD3d 768 [2013]). To prevail on a cause of action al-

leging a violation of Labor Law § 240 (1), a plaintiff must show that the statute was violated, and that the violation was a proximate cause of his or her injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 287-288 [2003]; *Corchado v 5030 Broadway Props., LLC,* 103 AD3d 768 [2013]; *Wahab v Agris & Brenner, LLC,* 102 AD3d 672 [2013]). However, "where a plaintiff's own actions are the sole proximate cause of the accident, there can be no liability" (*Cahill v Triborough Bridge & Tunnel Auth.,* 4 NY3d 35, 39 [2004]; *see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d at 290).

Here, the plaintiffs made a prima facie showing of their entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) through the deposition testimony of the injured plaintiff and his coworker. This evidence established, prima facie, that the injured plaintiff was performing commercial window cleaning work which exposed him to an elevation-related risk encompassed by Labor Law § 240 (1), and that the failure to provide him with a ladder or other safety device of the kind contemplated under the statute was a proximate cause of his accident (*see Swiderska v New York Univ.,* 10 NY3d 792, 793 [2008]). However, in opposition, the defendants raised a triable issue of fact as to whether the injured plaintiff's conduct was the sole proximate cause of his accident because he allegedly failed to use a ladder which his employer made readily available to him, and disregarded instructions to use ladders when necessary (*see Robinson v East Med. Ctr., LP,* 6 NY3d 550, 554 [2006]; *Corchado v 5030 Broadway Props., LLC,* 103 AD3d 768 [2013]; *Allan v DHL Express [USA], Inc.,* 99 AD3d 828 , 833 [2012]). Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the issue of liability on their Labor Law § 240 (1) cause of action.

The Supreme Court also properly denied those branches of the defendants' cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 202. Contrary to the defendants' contention, they failed to make a prima facie showing that they were entitled to judgment as a matter of law dismissing these two causes of action on the ground that the injured plaintiff's conduct was the sole proximate cause of the accident. The defendants' submissions failed to eliminate all triable issues of fact as to whether the injured plaintiff indeed had access to adequate safety devices such as a ladder, and whether the absence, if any, of adequate safety devices was a proximate cause of the accident (*see Welsch v Maimonides Med. Ctr.,* 80 AD3d 755, 756

[2011]; *D'Angelo v Builders Group*, 45 AD3d 522, 524 [2007]; *Florio v LLP Realty Corp.*, 38 AD3d 829, 830 [2007]). "[I]f a statutory violation is a proximate cause of an injury, the plaintiff cannot be solely to blame for it" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 290; *see Melchor v Singh*, 90 AD3d 866, 867 [2011]). In view of the issue of fact as to whether the alleged failure to provide the injured plaintiff with access to adequate safety devices was a proximate cause of the accident, his deposition testimony that he dripped soapy water onto the surface of the heating convector from which he slipped did not establish, as a matter of law, that his conduct was the sole proximate cause of the accident. Eng, P.J., Dickerson, Hall and Lott, JJ., concur. **[Prior Case History: 2012 NY Slip Op 30476(U).]**