■ CAYETANO ORTIZ-CRUZ et al., Respondents, v IRMA L. EVERS, as Trustee of the IRMA L. EVERS REVOCABLE TRUST, et al., Appellants, and FIEDLER ROOFING Co., Respondent. [56 NYS3d 71]—

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered July 27, 2016, which granted plaintiffs' motion for

partial summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action, and denied the cross motion of defendant owners for summary judgment on their cross claim for common-law indemnification as against defendant Fiedler Roofing Co. (Fielder), unanimously affirmed, without costs.

The motion court correctly determined that plaintiffs were entitled to partial summary judgment against defendant owners on the issue of section 240 (1) liability because the ladder that plaintiff Cayetano Ortiz-Cruz was using to take measurements in preparation for work to be performed on the roof of defendant owners' building broke, causing him to fall to the ground (*see Weber v Baccarat, Inc.*, 70 AD3d 487 [1st Dept 2010]). Contrary to defendant owners' contention, the work that plaintiff was engaged in was a protected activity within the meaning of Labor Law § 240 (1) (*see e.g. Velasco v Green-Wood Cemetery*, 8 AD3d 88, 89 [1st Dept 2004]).

Defendant owners' cross motion for summary judgment on their cross claim for common-law indemnification as against Fiedler was properly denied. Although defendant owners hired Fiedler to perform roof repairs and Fiedler subcontracted the work to plaintiff's employer, the evidence does not establish as a matter of law that Fiedler directed or controlled plaintiff's work (*see e.g. McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 377-378 [2011]). Concur—Acosta, P.J., Friedman, Andrias, Webber and Gesmer, JJ.