Mullins v Center Line Studios, Inc. (2021 NY Slip Op 06447)





Mullins v Center Line Studios, Inc.


2021 NY Slip Op 06447


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Webber, J.P., Kern, González, Mendez, Shulman, JJ. 


Index No. 152989/14, 595582/16, 595941/17 Appeal No. 14643 Case No. 2021-00915 

[*1]Timothy C. Mullins, Plaintiff-Respondent,
v
Center Line Studios, Inc., et al., Defendants, New York Communications Center Associates, L.P., et al., Defendants-Appellants.
New World Stages, LLC, Third-Party Plaintiff-Appellant,
v
Murder for Two Limited Liability Company, Third-Party Defendant-Appellant. [and another action]


Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellants.
Siegel & Coonerty LLP, New York (Steven Aripotch of counsel), for respondent.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered November 24, 2020, which, upon reargument, granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240(1) claim as against defendant New York Communications Center Associates, L.P. and defendant/third-party plaintiff New World Stages, LLC, unanimously affirmed, without costs.
Plaintiff made a prima facie showing that the wooden ladder he was using to help construct a theater set, which was mounted to the set wall and was required to be climbable, malfunctioned when the newly added top rung detached from the railing as he held onto it and leaned to the side (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 n 8 [2003]; Ortiz-Cruz v Evers, 150 AD3d 622, 623 [1st Dept 2017]).
In opposition, appellants failed to show "a plausible view of the evidence. . .that there was no statutory violation, and that plaintiff's own acts or omissions were the sole cause of the accident" (Blake, 1 NY3d at 289 n 8). There is "no evidence that. . .plaintiff had been instructed to utilize" only the A-frame ladders that his coworkers were already using "or to avoid using the ladder" from which he fell (Beamon v Agar Truck Sales, Inc., 24 AD3d 481, 483 [2d Dept 2005]; see Gallagher v New York Post, 14 NY3d 83, 88 [2010]). Indeed, the testimony of plaintiff and his supervisor demonstrates that there were no other safety devices readily available (see Tuzzolino v Consolidated Edison Co. of N.Y., 160 AD3d 568 [1st Dept 2018]), and plaintiff's use of the ladder was consistent with his employer's instructions. Thus, any negligence on plaintiff's part cannot be found to be the sole proximate cause of his accident (see Cuentas v Sephora USA, Inc., 102 AD3d 504, 505 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021