■ EDDA DUNHAM, Respondent, v ALAN B. WEISSMAN et al., Appellants. ALAN B. WEISSMAN, Third-Party Plaintiff-Appellant, v TOA CONSTRUCTION Co., INC., et al., Third-Party Defendants-Respondents. [722 NYS2d 10] —Order and judgment (one paper), Supreme Court, New York County (Beatrice Shainswit, J.), entered January 5, 2000, which awarded plaintiff former tenant $58,750 plus interest as against defendant former landlord Alan B. Weissman, dismissed the third-party complaint for indemnification from the new landlords (collectively, Toa), granted Toa's counterclaim for intentional misrepresentation, and referred to a special referee the issue of damages, costs and attorneys' fees, unanimously modified, on the law, to dismiss the counterclaim for intentional misrepresentation and vacate the reference, but to remand for further proceedings to determine whether sanctions and/or costs should be imposed

upon defendant pursuant to 22 NYCRR 130-1.1 for frivolous practice in connection with his institution and conduct of the within third-party action, and otherwise affirmed, without costs.

This appeal arises out of a 1983 settlement agreement in which Weissman agreed to pay plaintiff $10,000 for her surrender of possession of her apartment in the subject building, and in the event any other tenant then residing in the building were paid an amount in excess of $10,000 in consideration of the surrender of the right to possession, to pay plaintiff the difference between that sum and $10,000.

In 1986, Weissman sold the building, along with two others, to Toa, pursuant to which it was agreed: "Seller hereby assumes all liability and shall defend all actions or counterclaims for harassment, negligence, personal injury and/or assault where the cause of action for such action or proceeding has arisen prior to the closing of title hereunder. Purchaser hereby assumes all liability and shall defend all actions, proceedings or counterclaims for which the cause of action accrues subsequent to the closing of title hereunder. The parties each hereby indemnify and hold the other harmless from and against any liability or expense, including reasonable attorneys fees resulting from the respective assumption of liabilities as hereinabove provided" (contract ¶ 34a). The sales contract also allocated liability for various pending litigation matters, but, as is relevant herein, omitted the matter concerning plaintiff's stipulation with Weissman.

Several years later, Toa agreed to pay tenant Emerillo Torres $105,000 for the surrender of his apartment, and subsequently paid $163,750 to each of four tenants, pursuant to a stipulation (the Zimmerman stipulation) which allocated $25,000 as consideration for surrender of possession, and the remaining $138,750 to personal injuries.

Thereafter, plaintiff commenced this action against Weissman for breach of the stipulation, and Weissman commenced a third-party action for indemnification against Toa, which counterclaimed for intentional misrepresentation and indemnification, including attorneys' fees.

The evidence supported the determination of the trial court, as fact-finder, that all of the $163,750 paid to the Zimmerman tenants was in consideration of their surrender of possession, and that the personal injury allocation was made solely for tax purposes, and the court thus properly calculated Weissman's obligation to plaintiff according to that payment, rather than the $105,000 paid to tenant Torres.

The IAS court also correctly read the second sentence of paragraph 34a of the sales contract in conjunction with the preceding sentence, which was limited to torts, and the contract as a whole, including the careful allocations of liability for landlord/tenant matters, service contracts and other minor liabilities, and thereby concluded that the agreement did not, and the parties never intended to, assign to Toa liability for plaintiff's stipulation. Indeed, Weissman himself testified that he believed that the stipulation was only a personal obligation which ceased as soon as he sold the building. In view of the circumstance that Toa plainly was not liable under the contract of sale to indemnify Weissman for the obligation Weissman incurred under his stipulation with plaintiff, Weissman's concealment of that stipulation at the time of Toa's purchase of the subject premises from Weissman cannot be said to have been damaging to Toa and, accordingly, the counterclaim for fraudulent concealment, termed "intentional misrepresentation" by the IAS court, should have been dismissed.

Nor, contrary to the IAS court's holding, did Toa have any sustainable claim for indemnification against Weissman for the costs of the third-party litigation. We note in this connection that the IAS court erred in reading paragraph 34a of the contract as a whole for determining the parameters of Toa's agreement to indemnify Weissman, while reading the third sentence of that paragraph in a vacuum in order to find an undertaking by Weissman to indemnify Toa on the instant matter. All of paragraph 34a is limited to tort situations, and indemnification agreements are to be strictly construed so as to avoid reading into them a duty which the parties never intended to be assumed (*see, Hooper Assocs. v AGS Computers*, 74 NY2d 487, 491), and thus it does not provide a basis for indemnification of Toa by Weissman with respect to the costs of the litigation engendered by plaintiff's breach of contract claim.

Toa, however, is not without recourse to recover the costs of defending the third-party action. We note that the IAS court termed Weissman's third-party action "thoroughly baseless" as well as "graceless and burdensome," and we perceive no ground upon which to differ from that characterization. We, accordingly, remand the matter to Supreme Court for a hearing as to whether sanctions and/or costs should be imposed upon Weissman pursuant to 22 NYCRR 130-1.1 for frivolous practice in connection with his institution and conduct of the within third-party action.

We have reviewed appellants' remaining arguments and find

them to be unavailing. Concur—Sullivan, P. J., Nardelli, Williams, Mazzarelli and Saxe, JJ.