■ 6645 OWNERS CORP. et al., Respondents, v GMO REALTY CORP. et al., Defendants, and TOFEL, BERELSON & SAXL, P.C., et al., Appellants. [762 NYS2d 60] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered November 25, 2002, which (1) denied a motion by defendant Tofel, Berelson & Saxl,

---

* Deceased June 1, 2003.

P.C. (TBS) to dismiss the complaint as against it pursuant to CPLR 3211 (a) (5) on the ground of the statute of limitations, and (2) purportedly denied a motion by defendant Tofel, Berelson, Saxl & Partners, P.C. (TBS & Partners) to reargue a prior order, same court and Justice, entered on or about February 1, 2002, denying TBS & Partners' prior motion to dismiss the complaint as against it on the same ground, unanimously reversed, on the law, with costs, and the motions granted. The Clerk is directed to enter judgment in favor of TBS and TBS & Partners dismissing the complaint as against them.

Defendant TBS, a law firm, and its successor firm, defendant TBS & Partners, are sued herein on claims for legal malpractice, breach of fiduciary duty, and breach of contract, which are alleged to arise from TBS's representation of plaintiffs in connection with certain real estate matters and a foreclosure action. It is undisputed that TBS's representation of plaintiffs came to an end in August 1992. Plaintiffs commenced this action as against TBS & Partners in May 1998, and subsequently added TBS as an additional defendant. Under these circumstances, all of plaintiffs' claims against these defendants are barred by the three-year statute of limitations, which governs actions to recover damages for professional malpractice (with certain exceptions not relevant here) "regardless of whether the underlying theory is based in contract or tort" (CPLR 214 [6]). We note that all of plaintiffs' claims are based on the same alleged conduct amounting to legal malpractice; there is no allegation of any breach of contract separate and distinct from the alleged legal malpractice (*cf. Akinrosotu v Kellman*, 289 AD2d 112 [2001]).

Although the order appealed from in part purports to deny a motion to reargue the February 2002 order that denied a prior motion for the same relief, that aspect of the order is appealable, since the court, by addressing the merits of the issue presented, essentially granted reargument and adhered to its prior decision on reargument (*see Premier Capital v Damon Realty Corp.*, 299 AD2d 158 [2002]). Concur—Buckley, P.J., Sullivan, Rosenberger, Wallach* and Friedman, JJ.