■ MINERALS TECHNOLOGIES INC., Appellant, v PFIZER INC., Respondent. [765 NYS2d 596] —Order, Supreme Court, New York County (Helen Freedman, J.), entered November 6, 2002, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (3) and (7) and denied plaintiff's cross motion for leave to replead pursuant to CPLR 3211 (e), unanimously affirmed, with costs.

In this action for reimbursement of the costs of legal defense pursuant to an agreement between the parties' subsidiaries, the motion court correctly found that, construing the governing indemnification provision strictly (see Dunham v Weissman, 281 AD2d 220, 222 [2001], lv denied in part and dismissed in part 96 NY2d 851 [2001]), the products liability action for which plaintiff sought defense costs did not fall within such provision. We further note that plaintiff lacked standing to enforce the rights of its subsidiary (see Alexander & Alexander of N.Y. v Fritzen, 114 AD2d 814, 815 [1985], affd 68 NY2d 968 [1986]) since, when the governing agreement was amended to extend certain indemnification rights to plaintiff, the defense provision (art 10.06) was not among them.

Leave to replead was properly denied (see Lesesne v Lesesne, 292 AD2d 507, 509 [2002]), a conclusion supported by appellant's failure to include in the record the papers submitted in support of such request (see Cole v Irizarry, 307 AD2d 890, 891 [2003]).

We have considered plaintiff's other contentions and find them unavailing. Concur—Buckley, P.J., Nardelli, Mazzarelli, Ellerin and Lerner, JJ.