■ THE RGH LIQUIDATING TRUST, on Behalf of RELIANCE GROUP HOLDINGS, INC., and Another, Appellant, v DELOITTE & TOUCHE LLP et al., Respondents. [851 NYS2d 31]—

Order, Supreme Court, New York County (Karla Moskowitz,

J.), entered September 29, 2006, which, to the extent appealed from, dismissed plaintiff's fourth cause of action for fraudulent conveyance and all causes of action asserted by plaintiff on behalf of Reliance Group Holdings (RGH) and Reliance Financial Services (RFS), unanimously affirmed, with costs.

The fourth cause of action for fraudulent conveyance was properly dismissed for failure to plead lack of fair consideration (*see* Debtor and Creditor Law §§ 272, 273). While the complaint alleges deficiencies in the accounting and actuarial work performed by defendants before RGH and RFS filed for bankruptcy, it does not allege that defendants failed to provide the services for which they were paid.

The causes of action asserted on behalf of RGH and RFS were improperly dismissed as barred by the doctrine of judicial estoppel. RGH and RFS and defendant Deloitte & Touche applied jointly to the bankruptcy court for an order authorizing RGH and RFS to retain Deloitte, and the order was granted based on the representations of RGH and RFS and Deloitte. Thus, it cannot be said that RGH and RFS obtained a "ruling in their favor" and adverse to Deloitte (*see Olszewski v Park Terrace Gardens, Inc.*, 18 AD3d 349, 350-351 [2005]; *see also In re BCP Mgt., Inc.*, 320 BR 265, 275-279 [D Del 2005]). Moreover, it was Deloitte that was in a position to know whether or not the representation that it was a "disinterested person" under the Bankruptcy Code (11 USC § 101 [14]; § 1107 [b]) was false (*see generally Rome v Braunstein*, 19 F3d 54 [1st Cir 1994]).

However, plaintiff's fraud claims were properly dismissed as duplicative of its breach of contract claim, since they are based on alleged fraudulent misrepresentations related to defendants' obligation under their agreements with RGH and RFS to conduct audits of financial statements with reasonable care, and allege no misrepresentations collateral or extraneous to the agreements (*Coppola v Applied Elec. Corp.*, 288 AD2d 41, 42 [2001]). The breach of contract claim is, as defendants correctly contend, in essence a claim of professional malpractice (as are all plaintiff's claims) (*see American Tissue, Inc. v Arthur Andersen, L.L.P.*, 275 F Supp 2d 398, 405 n 7 [SD NY 2003]), and was properly dismissed as barred by the three-year statute of limitations for malpractice claims "regardless of whether the underlying theory is based in contract or tort" (CPLR 214 [6]; *Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.]*, 3 NY3d 538 [2004]). This action, which alleges deficient accounting services in connection with audits and actuarial opinions issued in 1999-2000, was not commenced until January 6, 2006.

We have considered and rejected appellant's remaining contentions. Concur—Tom, J.P., Saxe, Friedman and Buckley, JJ. [*See* 13 Misc 3d 1219(A), 2006 NY Slip Op 51908(U).]