■ ROBERT A. HARRIS, Appellant, v KAHN, HOFFMAN, NONENMACHER & HOCHMAN, LLP, Respondent. [871 NYS2d 919]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Garvey, J.), dated December 21, 2007, which granted the defendant's motion for summary judgment dismissing the complaint as time-barred, and (2) a judgment of the same court entered February 8, 2008, which, upon the order, is in favor of the defendant and against him, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the plaintiff's contention, his allegations, inter alia, of breach of contract and breach of fiduciary duty arise out of the accounting services provided by the defendant pursuant to a contract between the parties, and out of the accountant-client relationship which resulted therefrom. Accordingly, the plaintiff's claims sound in accounting malpractice and are time-barred by the three-year statute of limitations set forth in CPLR 214 (6) (*see Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.]*, 3 NY3d 538 [2004]; *RGH Liquidating Trust v Deloitte & Touche LLP*, 47 AD3d 516 [2008]; *6645 Owners Corp. v GMO Realty Corp.*, 306 AD2d 97 [2003]).

The plaintiff's remaining contentions are either improperly raised for the first time on appeal (*see Gallagher v Gallagher*, 51 AD3d 718, 719 [2008]; *Oszustowicz v Admiral Ins. Brokerage Corp.*, 49 AD3d 515, 516 [2008]; *Weber v Jacobs*, 289 AD2d 226, 227 [2001]; *Orellano v Samples Tire Equip. & Supply Corp.*, 110 AD2d 757, 758 [1985]), or without merit (*see Lake Anne Realty Corp. v Lake Anne at Monroe Assoc., LLC*, 29 AD3d 866, 867 [2006]). Mastro, J.P., Florio, Balkin and Eng, JJ., concur.