RODEO FAMILY ENTERPRISES, LLC, Plaintiffs, v SCOTT MATTE et al., Defendants, OYSTER BAY GROUP, LLC, Appellant, and HERTZ, HERSON & Co., LLP, Respondent. [952 NYS2d 581]—

In 2004, the plaintiff Samir Shah, as principal of Shanti Holding Corp., the predecessor-in-interest to Rodeo Family Enterprises, LLC (hereinafter Rodeo), entered into a cross-purchase agreement and a buy/sell agreement (hereinafter the 2004 Buy/Sell Agreement) with the defendant Oyster Bay Group, LLC (hereinafter OBG), a holding company that owns 100% of three subsidiaries: RJM Acquisitions, LLC (hereinafter RJM), Island National Group, LLC, and LTR Support Services, LLC. The Cross-Purchase Agreement and the 2004 Buy/Sell Agreement set forth the methods for determining the value, upon redemption, of each of OBG's subsidiaries.

In 2009, the relationship between Shah and the beneficial owners of OBG broke down, and they were unable to reach agreement on a determination of RJM's valuation under the 2004 Buy/Sell agreement. Consequently, in December 2009, Rodeo and Shah (hereinafter together the plaintiffs) commenced this action alleging, inter alia, a breach of the 2004 Buy/Sell Agreement due to the refusal of OBG and several other defendants to determine Rodeo's interest in RJM according to the method set forth in the 2004 Buy/Sell Agreement. The plaintiffs later amended their complaint to add, as a defendant, the accounting firm of Hertz, Herson & Co. LLP (hereinafter Hertz Herson), which allegedly served as outside auditor for, accountant of, and trusted advisor to RJM and OBG. In its answer to the amended complaint, OBG asserted, inter alia, cross claims against Hertz Herson sounding in negligence and breach of fiduciary duty. Thereafter, the Supreme Court granted those branches of Hertz Herson's motion which were pursuant to CPLR 3211 (a) to dismiss OBG's second, third, fourth, and fifth cross claims insofar as asserted against Hertz Herson. OBG appeals, and we affirm the order insofar as appealed from for the reasons set forth below.

A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only where the documentary evidence resolves all factual issues as a matter of law and conclusively disposes of the claims at issue (see CPLR 3211 [a] [1]; *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Out of Box Promotions, LLC v Koschitzki*, 55 AD3d 575, 576 [2008];

*Fleming v Kamden Props., LLC,* 41 AD3d 781, 781 [2007]). Here, the documentation submitted by Hertz Herson in support of those branches of its motion which were to dismiss OBG's third and fifth cross claims insofar as asserted against it pursuant to CPLR 3211 (a) (1) based on documentary evidence and 3211 (a) (3) for lack of standing conclusively established that there was no privity of contract between OBG and Hertz Herson. In this regard, Hertz Herson submitted engagement agreements, which demonstrate that it was retained by RJM, OBG's subsidiary, to conduct annual financial audits for fiscal years 2006 through 2009, and that OBG was not a party to any of those engagement agreements. Moreover, the third and fifth cross claims were devoid of factual allegations that there was a relationship between OBG and Hertz Herson approaching that of privity (*see Security Pac. Bus. Credit v Peat Marwick Main & Co.,*79 NY2d 695, 706 [1992]; *Credit Alliance Corp. v Arthur Andersen & Co.,* 65 NY2d 536, 551 [1985]). Consequently, OBG lacks standing to assert the third and fifth cross claims against Hertz Herson, which were based upon Hertz Herson's alleged failure to properly conduct financial audits of RJM's financial statements, since the right to pursue those cross claims belong to OBG's subsidiary, RJM (*see Digital Broadcast Corp. v Ladenburg, Thalmann & Co., Inc.,* 63 AD3d 647, 648 [2009]; *Minerals Tech. v Pfizer Inc.,* 309 AD2d 525 [2003]; *Diesel Sys., Ltd. v Yip Shing Diesel Eng'g Co., Ltd.,* 861 F Supp 179, 181 [1994]; *Bross Utils. Serv. Corp. v Aboubshait,* 618 F Supp 1442, 1445 [1985]).

OBG's second and fourth cross claims, which were premised upon Hertz Herson's allegedly negligent advice and assistance in the drafting and incorporation of the valuation method for RJM in the 2004 Buy/Sell Agreement, were time-barred. A cause of action to recover damages for nonmedical professional malpractice must be commenced within three years after the cause of action accrues (*see* CPLR 214 [6]; *Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.],* 3 NY3d 538, 541-542 [2004]; *Harris v Kahn, Hoffman, Nonenmacher & Hochman, LLP,* 59 AD3d 390 [2009]; *RGH Liquidating Trust v Deloitte & Touche LLP,* 47 AD3d 516, 517 [2008]). Moreover, a cause of action alleging accountant malpractice "accrues upon the client's receipt of the accountant's work product" (*Ackerman v Price Waterhouse,* 84 NY2d 535, 541 [1994]; *see Williamson v PricewaterhouseCoopers LLP,* 9 NY3d 1, 8 [2007]). Hertz Herson demonstrated that OBG's second and fourth cross claims accrued when the advice it tendered was delivered, and no later than June 30, 2004, the date on which the 2004 Buy/ Sell Agreement was executed (*see Williamson v Pricewaterhouse-*

*Coopers LLP*, 9 NY3d at 8; *Ackerman v Price Waterhouse*, 84 NY2d at 541). As OBG's cross claims were not interposed until August 17, 2010, which was after the expiration of the applicable three-year statute of limitations, Hertz Herson sustained its initial burden of proving that OBG's second and fourth cross claims were untimely (*see* CPLR 214 [6]; *Swift v New York Med. Coll.*, 25 AD3d 686, 687 [2006]; *Gravel v Cicola*, 297 AD2d 620, 620-621 [2002]). The burden then shifted to OBG to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable (*see Williams v New York City Health & Hosps. Corp.*, 84 AD3d 1358, 1359 [2011]; *Rakusin v Miano*, 84 AD3d 1051 [2011]; *Lessoff v 26 Ct. St. Assoc., LLC*, 58 AD3d 610, 611 [2009]; *Gravel v Cicola*, 297 AD2d at 621).

The continuous representation doctrine tolls the running of the statute of limitations for professional malpractice claims until the completion of the professional's ongoing services concerning the matter out of which the malpractice claim arises, but not throughout the continuation of a general professional relationship (*see Williamson v PricewaterhouseCoopers LLP*, 9 NY3d at 9-10; *Hasty Hills Stables, Inc. v Dorfman, Lynch, Knoebel & Conway, LLP*, 52 AD3d 566, 567 [2008]; *Giarratano v Silver*, 46 AD3d 1053, 1055 [2007]; *Booth v Kriegel*, 36 AD3d 312, 314 [2006]). Additionally, the continuous representation doctrine applies only where there is "a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim" (*McCoy v Feinman*, 99 NY2d 295, 306 [2002]; *see Zorn v Gilbert*, 8 NY3d 933, 934 [2007]).

Contrary to OBG's contentions, the continuous representation doctrine did not toll the statute of limitations. In this regard, Hertz Herson's alleged negligent advice regarding the drafting of the 2004 Buy/Sell Agreement was a subject distinct and separate from Hertz Herson's subsequent work conducting audits of RJM's financial statements (*see Williamson v PricewaterhouseCoopers LLP*, 9 NY3d at 10-11; *Weiss v Deloitte & Touche, LLP*, 63 AD3d 1045, 1048 [2009]; *Giarratano v Silver*, 46 AD3d at 1055; *Mitschele v Schultz*, 36 AD3d 249, 253 [2006]). Moreover, OBG has not alleged that the parties mutually contemplated that Hertz Herson's work would continue on this specific subject matter or that Hertz Herson agreed to remedy any deficiencies in the valuation method for RJM incorporated in the 2004 Buy/Sell Agreement.

The parties' remaining contentions are without merit.

In light of the foregoing, the Supreme Court properly granted those branches of Hertz Herson's motion which were pursuant

to CPLR 3211 (a) (1) and (3) to dismiss the third and fifth cross claims asserted against it by OBG and those branches of Hertz Herson's motion which were pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the second and fourth cross claims asserted against it by OBG. Angiolillo, J.P., Dickerson, Belen and Miller, JJ., concur.