■ Anne Crowley Weight, Appellant, v Wayne Day et al., Respondents. [20 NYS3d 640]—

In an action, inter alia, to recover damages for accounting malpractice, the plaintiff appeals from an order of the Supreme Court, Orange County (Colangelo, J.), dated September 5, 2014, which granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the causes of action alleging accounting malpractice and breach of fiduciary duty, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

For a number of years, the plaintiff jointly owned and operated a business known as Weight Steel Construction, Inc. (hereinafter Weight Steel), with her husband, nonparty Joseph Weight. On or about September 30, 2009, while the plaintiff

and her husband were engaged in divorce proceedings, they hired the defendant Wayne Day, a certified public accountant and a partner at the defendant accounting firm, Day Seckler, LLP, to serve as trustee of Weight Steel until the divorce was final. Accordingly, Day entered into an agreement with the plaintiff and her husband, as the sole shareholders of Weight Steel, which provided, in pertinent part, that Day would "assume sole responsibility for receiving and disbursing the income" of Weight Steel, deliver copies of all such records to the plaintiff and her husband on a weekly basis, and continue acting as trustee until termination by a signed written agreement or court order. Day tendered his resignation as Weight Steel's trustee in a letter dated February 10, 2011.

On February 10, 2014, exactly three years after Day sent his resignation letter, the plaintiff commenced this action against the defendants, alleging, inter alia, accounting malpractice, breach of fiduciary duty, fraud, and breach of contract. The plaintiff alleged, among other things, that Day failed to properly manage Weight Steel, prevent her husband from needlessly using the company's assets for his personal gain, deposit the company's payments, and bill its customers. The plaintiff further alleged that Day irresponsibly ran up the company's debt, intentionally concealed its dire financial situation, and denied her access to its records and facilities. The complaint included an allegation that Weight Steel "closed" on or about August 23, 2010.

Thereafter, the defendants moved pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint. Among other things, they argued that the complaint was time-barred because it did not allege any errors, acts, or omissions that occurred after August 23, 2010, the date that Weight Steel allegedly closed. In addition, the defendants argued that all of the causes of action other than that alleging accounting malpractice should be dismissed as duplicative of the accounting malpractice cause of action. The Supreme Court granted the defendants' motion to dismiss the complaint, concluding that the causes of action alleging accounting malpractice and breach of fiduciary duty were time-barred, and further concluding, in effect, that the remaining causes of action should be dismissed for failure to state a cause of action. The plaintiff appeals, and we modify.

In moving to dismiss a cause of action pursuant to CPLR 3211 (a) (5) as barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time in which to sue has expired (*see Jalayer v Stigliano*, 94 AD3d 702, 703 [2012]; *Fleetwood Agency, Inc. v*

*Verde Elec. Corp.*, 85 AD3d 850, 850 [2011]). Contrary to the Supreme Court's determination, the defendants failed to make a prima facie showing that the causes of action alleging accounting malpractice and breach of fiduciary duty were time-barred. A claim sounding in accounting malpractice is governed by a three-year statute of limitations (*see* CPLR 214 [6]), and, under the circumstances of this case, the plaintiff's claim of breach of fiduciary duty is also governed by a three-year statute of limitations since, inter alia, the remedy sought is purely monetary in nature and it cannot be said that an allegation of fraud is essential to that claim (*see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 139 [2009]; *Loeuis v Grushin*, 126 AD3d 761, 764 [2015]; *McDonnell v Bradley*, 109 AD3d 592, 594 [2013]; *cf. Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.]*, 3 NY3d 538, 541-542 [2004]; *RGH Liquidating Trust v Deloitte & Touche LLP*, 47 AD3d 516, 517 [2008]). Contrary to the court's determination, the defendants failed to establish that these causes of action accrued on August 23, 2010, when Weight Steel allegedly "closed." It is undisputed that Day did not resign as trustee of Weight Steel until February 10, 2011. Further, the defendants did not establish when they delivered to the plaintiff all the pertinent documents related to their accounting work and Day's additional duties as trustee. Based upon the defendants' submissions, including the complaint and the agreement outlining the terms of the trusteeship, the earliest possible accrual date with respect to the claims of accounting malpractice and breach of fiduciary duty was February 10, 2011, exactly three years prior to the commencement of this action (*see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d at 139; *McCoy v Feinman*, 99 NY2d 295, 301 [2002]; *Ackerman v Price Waterhouse*, 84 NY2d 535, 541 [1994]). Thus, the defendants failed to meet their initial burden of demonstrating that those causes of action were time-barred. Accordingly, the court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss those causes of action. Moreover, contrary to the defendants' contention, dismissal of the cause of action alleging breach of fiduciary duty is not warranted on the ground that it is duplicative of the cause of action alleging accounting malpractice (*cf. Staffenberg v Fairfield Pagma Assoc., L.P.*, 95 AD3d 873, 874 [2012]).

However, the Supreme Court properly directed the dismissal of the causes of action alleging breach of contract, breach of the covenant of good faith and fair dealing, and fraud on the ground that those causes of action were duplicative of the causes of action alleging accounting malpractice and breach of fiduciary

duty, and thus, failed to state an independent cause of action (*see* CPLR 3211 [a] [7]; *Genovese v State Farm Mut. Auto. Ins. Co.*, 106 AD3d 866, 867 [2013]; *Carl v Cohen*, 55 AD3d 478, 478-479 [2008]; *White of Lake George v Bell*, 251 AD2d 777, 778 [1998]; *McKernin v Fanny Farmer Candy Shops*, 176 AD2d 233, 234 [1991]; *cf. Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.]*, 3 NY3d at 541-542; *RGH Liquidating Trust v Deloitte & Touche LLP*, 47 AD3d at 517). Mastro, J.P., Austin, Maltese and Barros, JJ., concur.