23-1199-cv
Page v. Ellenoff Grossman & Schole LLP

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand twenty-four.

PRESENT:
> DENNY CHIN,
> SUSAN L. CARNEY,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

Joseph Page,

> *Plaintiff-Appellant,*

> v.                                                                           23-1199

Ellenoff Grossman & Schole LLP,

> *Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**        Joseph Page, pro se, Las Vegas, NV.

**FOR DEFENDANT-APPELLEE:**        Philip Touitou, Joel D. Bertocchi, Steven M. Cordero, Akerman LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Valerie E. Caproni, *Judge*; James L. Cott, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In May 2022, Joseph Page brought this pro se lawsuit against the law firm of Ellenoff Grossman & Schole LLP ("EGS"), alleging legal malpractice and other state contract and torts claims arising out of the firm's legal representation of a company, RocketFuel Blockchain Company ("RocketFuel"), where Page was an officer, in connection with a reverse merger that closed on June 27, 2018. After Page amended his complaint once, EGS moved to dismiss, arguing, among other things, that the malpractice claim was time-barred, and the other state claims—negligence, breach of contract, and breach of fiduciary duty—were duplicative of the malpractice claim and thus also time-barred under New York law.

2

Adopting a magistrate judge's report and recommendation, the district court agreed that the claims were untimely and otherwise defective, denied further leave to amend as futile, and dismissed the complaint. *See generally Page v. Ellenoff Grossman & Schole LLP*, No. 22-CV-4453 (VEC) (JLC), 2023 WL 3606455 (S.D.N.Y. May 24, 2023), *report and recommendation adopted*, 2023 WL 4841916 (S.D.N.Y. July 28, 2023). Page timely appealed. We assume the parties' familiarity with the remaining facts, the issues presented, and the procedural history.

## I. Standard of Review

"Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015) (quoting *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014)). We review both a dismissal premised on the statute of limitations and a denial of leave to amend on grounds of futility de novo. *Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 106–07 (2d Cir. 2023); *Kleinhandler*, 807 F.3d at 497. Because Page is a pro se litigant, his submissions are liberally construed to raise the strongest arguments they suggest. *See Murphy v. Hughson*, 82 F.4th 177, 186 n.6 (2d Cir. 2023).

3

## II. Timeliness

In diversity cases, state statutes of limitations and tolling rules govern the timeliness of state law claims. *See Schermerhorn v. Metro. Transp. Auth.*, 156 F.3d 351, 354 (2d Cir. 1998) (per curiam); *Personis v. Oiler*, 889 F.2d 424, 426 (2d Cir. 1989). Here, in applying those rules, the district court properly concluded that Page's complaint was time-barred and that the continuous legal representation doctrine did not toll the time to bring a suit.[1]

The untimeliness is apparent from the face of the complaint. Page alleged that EGS committed legal malpractice based on the firm's alleged mishandling of a reverse merger that closed on June 27, 2018. New York's three-year statute of limitations for legal malpractice claims, N.Y. C.P.L.R. § 214(6), "accrues when the malpractice is committed, not when the client discovers it." *Williamson ex rel. Lipper Convertibles, L.P. v. PricewaterhouseCoopers LLP*, 9 N.Y.3d 1, 7–8 (2007). All of the alleged misconduct occurred more than three years before Page brought this lawsuit on May 27, 2022.

---

[1] Because the parties have assumed that New York law applies, "we follow their lead." *Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997).

Page responds that his claims are not time-barred because (1) the continuous legal representation doctrine tolled the statute of limitations, because EGS represented RocketFuel in other matters until August 2019, and (2) EGS engaged in post-merger misconduct related to the merger itself. Neither of these related contentions has merit.

"The continuous representation doctrine tolls the statute of limitations only where there is a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim." *McCoy v. Feinman*, 99 N.Y.2d 295, 306 (2002). However, it does not apply to a "continuing general relationship with a lawyer" that involves "only routine contact for miscellaneous legal representation . . . unrelated to the matter upon which the allegations of malpractice are predicated." *Shumsky v. Eisenstein*, 96 N.Y.2d 164, 168 (2001).

Here, Page's claims arose solely from EGS's actions in connection with the reverse merger, which closed on June 27, 2018. While Page argues that EGS engaged in post-merger misconduct by failing to disclose necessary materials to all parties until August 2019, this alleged failure to disclose also formed part of the alleged malpractice misconduct before the merger. And an attorney's failure to fix alleged legal errors cannot toll the statute of limitations because New York law

does not "permit a limitations period to depend on a continuing omission that can go on for decades." *McCoy*, 99 N.Y.2d at 306.

Page's remaining claims were also time-barred because they arose from substantially the same conduct that animated his malpractice claim. Under the relevant statute, the three-year malpractice limitations period applies "regardless of whether the underlying theory is based in contract or tort." N.Y. C.P.L.R. § 214(6). Accordingly, related claims for, for example, breach of contract and breach of fiduciary duty, that arise out of the same alleged malpractice misconduct, are governed by the malpractice limitations period. *See, e.g.*, *Harris v. Kahn, Hoffman, Nonenmacher, & Hochman, LLP*, 59 A.D.3d 390, 391 (2d Dep't 2009) (concluding that breach of contract and fiduciary duty claims "sound in accounting malpractice and are time-barred by [Section 214(6)'s] three-year statute of limitations"); *6645 Owners Corp. v. GMO Realty Corp.*, 306 A.D.2d 97, 98 (1st Dep't 2003) (reasoning that malpractice limitations period applied to the plaintiff's breach of fiduciary duty and breach of contract claims because they were "based on the same alleged conduct amounting to legal malpractice"). Here, Page's remaining claims all stemmed from alleged malpractice in connection with the June 17, 2018, reverse merger and were therefore untimely.

For these reasons, all of Page's claims were time-barred. We conclude that the district court properly dismissed the complaint as barred by the limitations period.

## III.    Leave to Amend

A pro se litigant should receive at least one opportunity to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted). By extension, leave to amend is properly denied when amendment would be futile, such as when a plaintiff cannot cure the deficiencies in the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Page already amended once before and, as discussed above, his claims are time-barred. Any newly added claim arising from EGS's alleged malpractice would be time-barred as well. As in *Cuoco*, "[t]he problem with" his "causes of action is substantive; better pleading will not cure it." *See id.* Therefore, the district court appropriately denied leave to amend.

*    *    *

We have considered Page's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court